**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| *Plaintiff-Respondent* } | |
| } | |
| v. } | CRIMINAL ACTION NO. H-95-142-10 |
| } | CIVIL ACTION NO. H-03-3227 |
| JORGE LOUIS GARCIA, } | |
| *Defendant-Petitioner* } | |

**MEMORANDUM AND ORDER**

Presently before the Court are Petitioner Jorge Louis Garcia's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 5178); the Government's response and motion to dismiss (Doc. 5217); Petitioner's response to the Government's motion to dismiss (Doc. 5226); the Magistrate Judge's Memorandum and Recommendation (Doc. 5492); and Petitioner's objections to the Magistrate Judge's Memorandum and Recommendation (Doc. 5498).

Petitioner objects to the Magistrate Judge's recommendation that he not be allowed to amend his motion to add a claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and to the Magistrate conclusion that, in any event, *Booker* does not apply retroactively to cases brought under Title 28 United States Code Section 2255. Since the Magistrate Judge issued her report and recommendation, the Fifth Circuit Court of Appeals decided *United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005). In *Gentry*, the Fifth Circuit held that "Booker does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion." *Gentry*, 432 F.3d at 600. Accordingly, Petitioner's objections are overruled.

After carefully considering the record and the applicable law, the Court concludes that the Government's motion to dismiss (Doc. 5217) should be **GRANTED,** Garcia's motion (Doc. 5178)

should be **DENIED**, and that this § 2255 proceeding should be **DISMISSED**.  The Court adopts the Magistrate Judge's Memorandum and Recommendation in full.

    **SIGNED** at Houston, Texas, this 27th day of September, 2006.

                                      MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE